# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2500-JVS (DFMx) | Date | March 9, 2020 |
| Title | Carlos Moreno v. Pretium Packaging, LLC | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Remand**

Plaintiff Carlos Moreno ("Moreno") moved to remand this action to the Orange County Superior Court. Mot., Docket No. 15. Defendant Pretium Packaging, L.L.C. ("Pretium") opposed. Opp'n, Docket No. 18. Moreno replied. Reply, Docket No. 19.

For the following reasons, the Court **DENIES** the motion.

## I. BACKGROUND

On November 26, 2019, Moreno filed a Complaint against Pretium in the Orange County Superior Court, Case No. 30-2019-01114297-CU-OE-CXC, asserting class claims for relief arising out of Moreno's employment.[1] Compl., Docket No. 1-2. Moreno's proposed Class is defined as "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." Id. ¶ 22. The claims include: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to authorize and permit rest periods; (4) failure to provide and maintain accurate and compliant wage records; and (5) unfair business practices. Id. ¶¶ 28-75.

Specifically, Moreno alleges that he and the other Class members have worked

---

[1] Although Moreno filed a First Amended Complaint ("FAC"), the Court relies on this original Complaint because Pretium removed this Complaint. The FAC was also filed after this removal and after Moreno moved to remand the case back to the Orange County Superior Court. However, because the relevant sections in the Complaint mirror the FAC, the reasoning in this order would apply to both.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2500-JVS (DFMx) | Date | March 9, 2020 |
| Title | Carlos Moreno v. Pretium Packaging, LLC | | |

more than eight hours, and sometimes more than twelve hours, in a workday without adequate premium compensation as required by California Labor Code §§ 510 and 1198. Id. ¶¶ 29-32. Second, he claims Pretium failed to relieve him and other Class members of work to take meal breaks as required by California Labor Code §§ 226.7 and 512. Id. ¶¶ 38-39. Similarly, he alleges that Pretium failed to permit him and other Class members to take their legally-authorized ten-minute breaks every four hours they worked, in violation of California Labor Code §§ 226.7 and 512. Id. ¶¶ 42-43. Further, Moreno claims that Pretium failed to provide complete and accurate wage statements by failing to correctly identify gross wages earned, failing to list the true hours worked, and failing to list the true net wages earned, as required by California Labor Code § 226. Id. ¶¶ 53-54. Finally, Moreno alleges Pretium's above conduct also qualifies as unlawful and/or unfair activity prohibited by the California Business & Professions Code §§ 17200, *et seq.* Id. ¶¶ 62-68.

On December 27, 2019, Pretium filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Notice, Docket No. 1. Particularly, Pretium claims that Class Action Fairness Act (CAFA) jurisdiction exists because minimal diversity exists between Class members and Pretium, the number of Class members exceeds 700 people, and it is "certainly plausible" the amount in controversy will exceed $5,000,000. Id. ¶¶ 17-18, 21-22, 27-34.

Moreno moves to remand his case back to the Orange County Superior Court on the grounds that Pretium failed to meet its burden to establish the amount in controversy. See generally Mot., Docket No. 15. Moreno challenges the amount calculated by Pretium, alleging Pretium relied on flawed reasoning, faulty assumptions, and inaccurate data. Id.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should generally "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-2500-JVS (DFMx) | Date | March 9, 2020 |
| Title | Carlos Moreno v. Pretium Packaging, LLC | | |

Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

However, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). CAFA provides district courts with original jurisdiction over any class action in which (1) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5).

### III. DISCUSSION

The issue on this motion to remand is whether Pretium established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d).

To measure the amount in controversy, a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). Moreno did not demand a specific amount of damages in his state-court Complaint. In such a situation, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . . [courts] apply a preponderance of the evidence standard." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). Moreover, the "defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum," and "must submit 'summary-judgment-type evidence' to establish that the actual amount in controversy exceeds" the jurisdictional amount. Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)). The defendant "cannot speculate," but this burden is "not 'daunting'" and does not require that defendant "research, state, and prove the plaintiff's claims for damages." Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (internal quotation marks and citation omitted). The defendant's evidence must establish "that it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-2500-JVS (DFMx) | Date | March 9, 2020 |
|---|---|---|---|
| Title | Carlos Moreno v. Pretium Packaging, LLC | | |

'more likely than not' that the amount in controversy exceeds that amount." Sanchez, 102 F.3d at 404.

If the defendant meets this burden, then the burden shifts to the plaintiff, who must "show, as a matter of law, that it is certain he will not recover the jurisdictional amount." Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1411 (5th Cir. 1995)). If the plaintiff does not contest defendant's amount in controversy allegation, it should be accepted. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014).

Moreno avers that Pretium's calculations fail because Pretium's assumptions made in support of its calculations are not evidence, not reasonably tied to allegations made in the Complaint, and do not prove by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Mot. at 9. In addition, Moreno provides expert analysis of Moreno's claims and extrapolates the findings to the rest of the Class. Id. at 9-11. Because Moreno challenges the removal, Pretium bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co., 728 F.3d 975, 981 (9th Cir. 2013); Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197-98 (9th Cir. 2015). "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." Ibarra, 775 F.3d at 1198. "As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court, violation rates are key to the calculations necessary to reach the [$5,000,000] amount-in-controversy figure CAFA requires." Toribio v. ITT Aerospace Controls LLC, No. 19-cv-5430-GW (JPRx), 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019).

Pretium contends that the amount in controversy is $9,354,400, without including the claim for unpaid overtime wages. Opp'n at 15. These numbers were established through an assumption that Pretium failed to provide meal and rest periods approximately 50% of the time and it failed to provide accurate wage statements 100% of the time. Id. at 12, 14. Pretium largely relies on Moreno's language in the Complaint to establish these assumptions. For instance, Pretium relies on Moreno's assertion that Pretium maintained a "policy and practice" of not providing meal and rest periods and "regularly" failed to so provide said periods. Compl. ¶¶ 16, 17, 39; Opp'n at 9-12. The Court finds these assumptions are reasonable as many other courts in this circuit have. See Feltz v.

Cox Commc'ns Cal., LLC et al., No. SACV-19-2002-JVS(JDEx), 2020 WL 133687, *4 (C.D. Cal. Jan. 13, 2020) (finding defendant's 100% violation rate assumption was reasonable and met the preponderance of the evidence standard because the complaint used the word "consistently"); Rivera v. Marriott Int'l, Inc., No. 2:19-cv-05050-ODW(KSx), 2019 WL 6524706 (C.D. Cal. Dec. 4, 2019) (finding the complaint's usage of "consistently" and "uniform practice" sufficient to support an assumption of 100% violation rate); Elizarraz v. United Rentals, Inc., No. 2:18-CV-09533-ODW(JC), 2019 WL 1553664,*3 (C.D. Cal. Apr. 9, 2019) (use of the phrase "pattern and practice" was sufficient for defendants to infer a violation rate of 50%). Pretium's assumptions were entirely reasonable given Moreno's assertion that Pretium's violations occurred "regularly" and resulted from "policy and practice" alleged in the Complaint. Therefore, Pretium's calculations as to the meal and rest period causes of action are sufficient under the preponderance of the evidence standard.[2]

Moreno next challenges Pretium's calculations by providing his own amount in controversy calculated by his expert witness. Mot. at 9-11; see generally Decl. of Jarrett Gorlick ("Gorlick Decl."), Docket No. 15-2. Specifically, Mr. Gorlick hypothesizes that Moreno's records should be applied to each individual Class member. Gorlick Decl. ¶ 14. However, as Pretium explained, Moreno's assumption that his experiences were indicative of the entire Class were faulty. Opp'n at 5. Class members work at different locations that produce different products and have different Plant and Human Resource Managers. Id. at 6. Class members hold approximately fifty-eight different job titles, worked different shifts, and had different supervisors. Id. Of the 704 Class members, only seven individuals hold Moreno's job title. Id. at 7. Moreno's records are not necessarily demonstrative of the other Class members' records and, thus, he has not shown that it is certain he will not recover the jurisdictional amount.

Accordingly, the Court finds that Pretium has satisfied the amount in controversy requirement for exercising CAFA jurisdiction and **denies** the motion to remand.

---

[2] The Court does not address whether Pretium's 100% violation rate for Moreno's fourth cause of action is reasonable because the calculations conducted for the second and third causes of action already suggest an amount exceeding $5,000,000. Opp'n at 12.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to remand.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|

Initials of Preparer     lmb