1

2

**ARMSTRONG TEASDALE LLP**
Jeremy M. Brenner (*pro hac vice*)
Jason R. Stavely     (SBN 305698)
3   7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
4   Telephone:   (314) 621.5070
Facsimile:   (314) 621.5065
5   Email:       jstavely@atllp.com
             jbrenner@atllp.com

6

**TROYGOULD PC**
7   Russell I. Glazer       (SBN 166198)
Benjamin W. Clements   (SBN 299126)
8   1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
9   Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746
10  Email:       rglazer@troygould.com
             bclements@troygould.com

11

Attorneys for Defendant
12  PRETIUM PACKAGING, L.L.C.

13  [*Additional counsel on following page*]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION** | |

| | |
|---|---|
| CARLOS MORENO, individually, and on behalf of all others similarly situated, | Case No. 8:19-cv-02500-JVS-DFM |
| | Hon. James V. Selna |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| PRETIUM PACKAGING, L.L.C., a Delaware limited liability company, and DOES 1 through 10, inclusive, | |
| Defendants. | |

Bobby Saadian (SBN 250377)
bobby@wilshirelawfirm.com
Justin F. Marquez (SBN 262417)
justin@wilshirelawfirm.com
Nicol E. Hajjar (SBN 303102)
nicol@wilshirelawfirm.com
Robert J. Dart (SBN 264060)
RDart@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Fl.
Los Angeles, California 90010
Telephone:  (213) 381-9988
Facsimile:   (213) 381-9989

Attorneys for Plaintiff
CARLOS MORENO

1

# STIPULATED PROTECTIVE ORDER

Plaintiff Carlos Moreno and Defendant Pretium Packaging, L.L.C. (collectively, the "Parties"), hereby stipulate to the entry of the following Protective Order pursuant to Rule 26(c):

1. In the course of discovery, the Parties may produce to one another certain information and documents that will include confidential, proprietary, and/or personal information, the unprotected disclosure of which may have an adverse and detrimental impact on the disclosing party. The confidential information at issue may include, for example, confidential financial information, customer information, company documents, or other personal information pertaining to current or former employees of Defendant. A party disclosing any such information that the party believes to be confidential may designate it as "Confidential" (hereinafter "Confidential Information"). The Parties agree that the following limitations on the disclosure of such information should be imposed.

2. Documents, discovery responses, and other materials designated as Confidential Information shall be subject to the provisions of this Protective Order. To the extent that all or any portion of testimony or transcripts of depositions incorporate any Confidential Information of a party, the portions of such testimony or transcript containing the Confidential Information shall be treated as Confidential under the terms of this Protective Order so long as the party seeking protection of the relevant portion of deposition testimony has in good faith designated the testimony as confidential during the deposition in question or designated the relevant portion of the transcript confidential within thirty (30) days of receiving a copy of the transcript by specifically communicating such designation to opposing counsel in writing.

3. All copies of documents, discovery responses or other materials produced and designated as Confidential Information shall have clearly stamped thereon "Confidential" in a place or manner that avoids any interference with the

legibility of the material. Each page of every document, discovery response, or other material deemed Confidential Information must bear the legend "Confidential" in order to secure the protections of this Protective Order. However, with respect to portions of deposition transcripts in this matter containing Confidential Information, the party seeking protection of that information shall not be required to mark such pages "Confidential" but must instead comply with the requirements of Paragraphs 1 or 2, above.

4.    Documents, discovery responses, and materials designated as Confidential Information and so stamped pursuant to Paragraphs 1-3, above, and the information contained therein, and any portions of depositions designated as Confidential Information pursuant to Paragraphs 2 or 3, above, shall be used only in connection with the prosecution or defense of this litigation (captioned above; hereinafter, "Litigation") and may be disclosed only as follows:

a. Confidential Information may be disclosed to an individual Party and those employees or agents of the Parties who are actively involved in the prosecution or defense of this Litigation and who are made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality.

b. Confidential Information may be disclosed to counsel for the Parties including such paralegal, secretarial, or clerical staff (including shorthand reporters) as are participating or assisting such counsel. By their signatures set forth below, counsel for the Parties have agreed to maintain and protect the confidential nature of this information and to use it only for purposes of the prosecution or defense of this Litigation. Counsel further accepts, by their signatures below, the responsibility for their staff complying with this Protective Order.

c. Confidential Information may also be disclosed to independent experts specifically retained for the purposes of this Litigation and only to the extent that such expert reasonably requires access to the Confidential Information. Before disclosure of the Confidential Information, such experts will be made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality, and shall agree to be bound by the terms and provisions of this Protective Order. Experts receiving access to the Confidential Information shall be instructed to destroy all such information and any notes made therefrom at the conclusion of this Litigation.

d. Confidential Information may also be disclosed to the extent permitted pursuant to Paragraphs 5 and 6, below.

e. Confidential Information may also be disclosed to a mediator or other designated neutral performing services in this matter.

5.    Confidential Information may be used or elicited in party or non-party depositions and in the preparation of party and non-party witnesses for depositions provided such witnesses had access to or had already received such Confidential Information, and provided further such deposition witness is made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality, and agrees on the record to preserve the confidentiality of such information and not to use any such information for any purpose except for this Litigation. All non-party witnesses shall be made aware of the terms and provisions of this Protective Order.

6.    Any party wishing to file Confidential Information, including any depositions in which Confidential Information is disclosed or discussed (by way of testimony, exhibits, or otherwise), as exhibits to any brief, memorandum, pleading,

or at a hearing or trial of this matter, shall comply with the procedures in Local Rule 79-5.2.2(b).

7.   In the event a party contends that the information and documents produced pursuant to this Protective Order should not have the limitations on disclosure contained herein, then the Parties may so agree in writing, or, if the Parties cannot reach agreement, the party challenging the designation of the information or documents as "Confidential" may apply to the Court for a ruling concerning whether said designation is proper, using the procedures set forth in Local Rule 37-1 through Local Rule 37-4. The disputed information or documents designated as "Confidential" shall remain treated as such pending the Court's ruling. The producing party bears the burden of proving that the documents in dispute are entitled to the protection accorded by this Protective Order and Rule 26(c).

8.   By stipulating to entry of this Protective Order, the Parties do not stipulate that any documents or information designated as Confidential by an opposing party is, in fact, confidential in nature.

9.   Nothing in this Protective Order shall be deemed or construed to be a waiver by either party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

10.   The inadvertent failure to designate any information as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as Confidential Information at a later date in writing and with particularity. The information shall be treated by the receiving party as Confidential Information from the time the receiving party is notified in writing of the change in the designation.

11.   Documents, discovery responses, or materials designated as Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an Order of the Court by persons entitled to

receive such information pursuant to Paragraph 4 of this Protective Order, provided that the use of such copies is restricted in accordance with this Protective Order. All copies so made shall be deemed Confidential Information, as applicable, under the terms of this Protective Order and shall be destroyed at the termination of this Litigation as provided in Paragraph 15, below.

12.   The Parties and their counsel shall take reasonable precautions to prevent unauthorized disclosure of Confidential Information.

13.   This Protective Order has no effect upon, and its scope shall not extend to, the producing party's use of its own Confidential Information.

14.   If any party wishes to modify this Protective Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Protective Order after termination of this lawsuit, by judgment, settlement, or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Protective Order will govern.

15.   After termination of this Litigation, whether by trial, appeal, settlement, or otherwise, the provisions of this Protective Order with respect to the dissemination of Confidential Information shall continue to be binding. All copies of such information received by opposing counsel, including all notes with respect to such information, shall be destroyed at the termination of this Litigation and opposing counsel shall certify in writing to counsel for the other party that such documents have been destroyed. Such written confirmation of the destruction of the Confidential Information shall be made within sixty (60) days of the effective date of a release or settlement agreement or within sixty (60) days after the last right to appeal has expired. It is stipulated and agreed that the Court shall retain jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following termination of this Litigation. Notwithstanding these requirements, counsel for the Parties may

STIPULATED PROTECTIVE ORDER

maintain a complete copy of the litigation file, including Confidential Information, solely for the purposes of defending a legal action relating to the representation of their respective clients, should such a claim ever arise. The documents designated as Confidential Information cannot be used for any other purpose.

16.    This Protective Order shall be binding upon the Parties hereto, their successors, representatives and assigns, as well as all counsel for the Parties hereto, and their paralegals and office employees.

17.    This Protective Order shall also be binding upon any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such documents, things or information or testimony as Confidential Information under the terms of this Protective Order. Third-party discovery designated as Confidential Information under this Protective Order shall be treated by the Parties in accordance with the provisions of this Protective Order as if such documents, things, information, or testimony were produced or provided by a party to this action.

STIPULATED PROTECTIVE ORDER

Dated:  July 2, 2020

**ARMSTRONG TEASDALE LLP**
Jeremy M. Brenner
Jason R. Stavely

**TROYGOULD PC**
Russell I. Glazer
Benjamin W. Clements

By: /s/ *Jason R. Stavely*
　　　Jason R. Stavely

Attorneys for Defendant
PRETIUM PACKAGING, L.L.C.

Dated: July 2, 2020

**WILSHIRE LAW FIRM**
Justin F. Marquez
Nicol E. Hajjar
Corey T. Kniss

By: /s/ *Justin F. Marquez (with consent)**
　　　Justin F. Marquez
Attorneys for Plaintiff
CARLOS MORENO

　　*The filer attests that the signatory listed above concurs in the content of this document and has authorized its filing.

**SO ORDERED this 6th day of July, 2020:**

_____
HON. DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER